# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:17-cv-00087-FDW

| | |
|---|---|
| RAYMOND DAKIM HARRIS JOINER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| GEORGE SOLOMON, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's pro se Complaint filed under 42 U.S.C. § 1983 (Doc. No. 1). See 28 U.S.C. §§ 1915A and 1915(e). Also before the Court is Plaintiff's motion to proceed in forma pauperis. (Doc. No. 2.)

In the instant Complaint, Plaintiff contends he is being denied access to the courts because officials at Marion Correctional Institution, where he is housed, refuse to provide him Uniform Commercial Code Financing Statement Forms "so he can secure his property/estate which the Defendant is illegally using without consent." (Compl. 7 ¶ 9.) The Court does not reach the merits of the Complaint because Plaintiff is subject to the "three-strikes" provision of 28 U.S.C. § 1915(g).

The Prisoner Litigation Reform Act ("PLRA") provides, in part, that if a prisoner has had three prior cases dismissed as frivolous, malicious, or for failure to state a claim for which relief may be granted, the prisoner may not proceed in forma pauperis but must pay up-front all filing

1

fees for his subsequent suits.[1]  28 U.S.C. § 1915(g); see also Blakely v. Wards, 738 F.3d 607, 609 (4th Cir. 2013), as amended (Oct. 22, 2013).  Plaintiff, a prisoner of the State of North Carolina, has had the following civil actions dismissed as frivolous, malicious, and/or for failure to state a claim for which relief may be granted:  **Joiner v. Solomon, et al.**, No. 1:17-cv-147-FDW (W.D.N.C. Feb. 16, 2017) (frivolous, failure to state a claim); **Joiner v. Dep't of Public Safety et al.**, No. 1:13-cv-933-NCT-LPA (M.D.N.C. Jan. 18, 2017) (frivolous, failure to state a claim); **Joiner v. Solomon**, No. 1:16-cv-396-FDW (W.D.N.C. Dec. 20, 2016) (failure to state a claim); **Joiner v. Ingram**, No. 1:14-cv-672-NCT-LPA (M.D.N.C. Aug. 24, 2016) (frivolous, malicious, failure to state a claim); **Joiner v. Dep't of Public Safety**, No. 1:13-cv-449-NCT-LPA (M.D.N.C. April 11, 2016) (frivolous); **Joiner v. Friel, et al.**, No. 1:13-cv-448-NCT-LPA (M.D.N.C. April 11, 2016) (frivolous, malicious, failure to state a claim); **Joiner v. Forsyth County Detention Center**, No. 1:13-cv-931-NCT-LPA (M.D.N.C. Dec. 30, 2015) (failure to state a claim); **Joiner v. Keever**, No. 1:13-cv-636-NCT-LPA (M.D.N.C. Oct. 7, 2014) (failure to state a claim); **Joiner v. Maness**, No. 1:11-cv-71-NCT-LPA (M.D.N.C. Feb. 17, 2012) (frivolous, malicious, failure to state a claim); **Joiner v. Maness, et al.**, No. 1:11-cv-72-NCT-LPA (M.D.N.C. Nov. 10, 2011) (frivolous, malicious, failure to state a claim); and **Joiner v. Maness**, No. 1:11-cv-72-NCT-LPA (M.D.N.C. Nov. 10, 2011) (frivolous, malicious, failure to state a claim).

The PLRA "three-strikes" rule was enacted to bar prisoners, like Plaintiff, who have filed prior frivolous litigation in a federal court, from pursuing certain types of federal civil litigation

---

[1] There is an exception to this rule, which does not apply here.  See 28 U.S.C. § 1915(g) (West).

without prepayment of the filing fee. Plaintiff has had the following civil cases dismissed under the "three-strikes" rule: **Joiner v. Solomon**, No. 5:16-CT-3261-D (E.D.N.C. Mar. 23, 2017); **Joiner v. Herring**, No. 5:16-ct-03210-D (E.D.N.C. Mar. 23, 2017); **Joiner v. North Carolina**, No. 5:14-ct-3278-D (E.D.N.C. April 28, 2015); **Sin York City v. N.C. Dep't of Public Safety**, No. 5:14-ct-03262-D (E.D.N.C. April 28, 2015); and **Sin York City v. North Carolina**, 5:14-cv-00557-D (E.D.N.C. April 28, 2015).

To avoid application of 28 U.S.C. § 1915(g), a prisoner may prepay the filing fee in full. Plaintiff has not prepaid the filing fee, and he may not proceed in form pauperis, see § 1915(g). Consequently, the Court will dismiss the Complaint without prejudice; Plaintiff may refile his Complaint after he has prepaid the $400 filing fee in full.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion to proceed in forma pauperis (Doc. No. 2) is **DENIED** pursuant to 28 U.S.C. § 1915(g); and

2. Plaintiff's Complaint (Doc. No. 1) is **DISMISSED without prejudice**.

Signed: July 5, 2017

Frank D. Whitney
Chief United States District Judge